Lisa K. Nguyen
Direct Dial: +1 (650) 470-4848
lisa.nguyen@lw.com

140 Scott Drive
Menlo Park, California 94025
Tel: +1.650.328.4600  Fax: +1.650.463.2600
www.lw.com

# LATHAM&WATKINS LLP

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Beijing | Moscow |
| Boston | Munich |
| Brussels | New York |
| Century City | Orange County |
| Chicago | Paris |
| Dubai | Riyadh |
| Düsseldorf | San Diego |
| Frankfurt | San Francisco |
| Hamburg | Seoul |
| Hong Kong | Shanghai |
| Houston | Silicon Valley |
| London | Singapore |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |
| Milan | |

January 23, 2020

**VIA ECF and ELECTRONIC MAIL**

The Honorable Alison J. Nathan
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Courtroom 906
New York, NY 10007
NathanNYSDChambers@nysd.uscourts.gov

Re:    *ShelterZoom Corp. v. Mitja (Dmitry) Goroshevsky and Ekaterina Pantaz*, No. 1:19-cv-10162 (AJN), Plantiff's Request for Leave to File a Motion for Alternative Service on Russian Defendant

Dear Judge Nathan:

    We represent Plaintiff ShelterZoom Corporation ("ShelterZoom" or "Plaintiff") in the above-referenced action against Defendants Mitja (Dmitry) Goroshevsky ("Mr. Goroshevsky") and Ekaterina Pantaz ("Ms. Pantaz") for trade secret misappropriation, fraud, breach of contract, breach of fiduciary duty, and/or tortious interference of contract.

    One of the Defendants, Ms. Pantaz, is an individual domiciled in the Russian Federation. Regarding service of process for Ms. Pantaz, the Russian Federation is a signatory to the Hague Convention. However, "[i]n July 2003, Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial matters" and it now "refuses to serve letters of request from the United States for service of process presented under the terms of the 1965 Hague Convention or to execute letters rogatory requesting service of process transmitted through diplomatic channels." *See* U.S. Dep't of State, "Russia Judicial Assistance Information, Service of Process," *available at* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/RussianFederation.html (last visited on December 17, 2019). And because the Russian Federation has also rejected Article 10 of the Hague Convention, which allows service of judicial documents through the mail by "postal channels," service by "international mail or Federal Express International Priority mail on individuals residing in the Russian Federation" is prohibited. *RSM Prod. Corp. v. Fridman*, No. 06–CV–11512, 2007 WL 1515068, at *2 (S.D.N.Y. May 24, 2007). Courts have further held that service by international courier falls under the definition of "postal channels" and, consequently, is unavailable for

**LATHAM&WATKINS**LLP

service of Russian defendants. *AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-cv-9913, 2015 WL 3457452, at *10 (S.D.N.Y. June 1, 2015) (collecting cases) (declining to authorize service by international courier). Accordingly, ShelterZoom would be unable to effectuate service on Ms. Pantaz through methods that would be acceptable under Fed. R. Civ. P. 4(f)(1) and (2).

Under Rule 4(f)(3), a court may allow alternative methods for serving process. *See* Fed. R. Civ. P. 4(f)(3) ("service may be effected … by other means not prohibited by international agreement, as the court orders"). A court's permitting service of process under Rule 4(f)(3) is just "one means among several" to enable service and is "neither a last resort nor extraordinary relief." *Stream SICAV v. Wang*, 989 F.Supp.2d 264, 278 (S.D.N.Y. 2013) (internal quotation marks omitted). Moreover, a plaintiff "is *not* required to attempt service through other provisions of Rule 4(f)" to be entitled to relief under Rule 4(f)(3). *Id.* (emphasis in original) (internal quotation marks omitted). As long as the court-ordered means of service is not "prohibited by international agreement" and does not offend "constitutional notions of due process" regarding notice, it is appropriate under Rule 4(f)(3). *Id.*; *Ehrenfeld v. Salima A Bin Mahfouz*, No. 04–CV–9641, 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005).

This Court and this District have recognized that it is necessary to serve Russian defendants through alternative means. *See, e.g., Fisher v. Petr Konchalovsky Found.*, No. 15-CV-9831, 2016 WL 1047394, at *2-3 (S.D.N.Y. Mar. 10, 2016) (Nathan, J.) (directing service via email on a Russian corporate defendant); *AMTO*, 2015 WL 3457452 at *10 (allowing service on individual defendant by email); *RSM Prod.*, 2007 WL 1515068 at *2 (permitting service on an individual defendant's U.S. counsel); *Bidonthecity.com LLC v. Halverston Holdings Ltd.*, No. 12–CV–9258, 2014 WL 1331046, at *10 (S.D.N.Y. Mar. 31, 2014) (allowing service on a corporate defendant's U.S. counsel). For instance, in *Bidonthecity*, the Court took judicial notice of the fact that "Russia refuses to transmit service requests through its Central Authority" and simply "prescribed a method to serve" the Russian defendants under Rule 4(f)(3). *Id.*

Plaintiff respectfully requests permission for alternative service on Ms. Pantaz by email to her personal email address. Ms. Pantaz's personal email address is ███████████████,[1] the email address at which Plaintiff's then-counsel, Seward & Kissel, initially emailed Ms. Pantaz a letter regarding the subject matter of this case. *See* Exhibit A (Letter from Julia S. Spivack to Ms. Ekaterina Pantaz, July 30, 2019) ("July 30, 2019 Letter"). Plaintiff believes the email address is operational and in-use because Plaintiff received a prompt response to the July 30, 2019 Letter from Mr. Dimitry Joffe of Joffe Law P.C. on August 6, 2019, just one week after the July 30, 2019 Letter was emailed to ███████████████. *See* Exhibit B (Letter from Mr. Joffe to Ms. Julia Spivack, August 6, 2019) (stating that the firm "has been retained by Ms. Pantaz"). Because the Russian Federation has not expressly objected to service by electronic means, this Court and others in this District have held that "service via email for a defendant residing in Russia may qualify as an alternative means of service under Rule 4(f)(3)." *Fisher*, 2016 WL 1047394 at *2 (quoting *AMTO*, 2015 WL 3457452 at *7-8). The moving party need

---

[1] In an abundance of caution and to preserve potentially sensitive personal information, Plaintiff has redacted Ms. Pantaz's email address in the publicly filed version of this letter. Plaintiff stands ready to file the unredacted version of the letter by ECF should the Court prefer.

**LATHAM&WATKINS**LLP

only show "some facts indicating that the person to be served would be likely to receive the summons and complaint at the given email address." *NYKCool A.B. v. Pac. Int'l Servs.*, Inc., 66 F.Supp.3d 385, 391 (S.D.N.Y. 2014) (internal quotation marks and citations omitted). Here, Mr. Joffe's letter response to the July 30, 2019 Letter on Ms. Pantaz's behalf, indicates that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is "undisputedly connected to the defendant" and, moreover, "used for [at least] business purposes." *Id.* Service effectuated via the above-identified email address for Ms. Pantaz would be reasonably calculated to put her on notice of this action and would not violate any international agreements.

Although Plaintiff believes service on Ms. Pantaz by email would be sufficient, in an abundance of caution, ShelterZoom also respectfully requests permission for alternative service on the U.S. counsel representing Ms. Pantaz in the negotiations regarding the dispute. Ms. Pantaz is currently represented by a Mr. Dimitry Joffe of Joffe Law P.C.[2] for dispute negotiation purposes. There have been several exchanges of letters between Mr. Joffe and Plaintiff regarding the dispute. *See e.g.*, Exhibits A, B. Mr. Joffe has explicitly refused to accept service on behalf of Ms. Pantaz; however, ShelterZoom requests that it still be allowed to effectuate service via Mr. Joffe because he is in "communication with [the] Defendant" and would know how to locate her. *Ehrenfeld*, 2005 WL 696769 at *3. There is no international agreement between the United States and the Russian Federation that "prohibits service on [her] counsel in the United States." *RSM*, 2007 WL 1515068 at *2. Because the Plaintiff received its last letter from Mr. Joffe on December 3, 2019, personal service to his office would be reasonably calculated to put Ms. Pantaz on notice of this action and would not violate any international agreements. *See AMTO*, 2015 WL 3457452 at *4; *Stream*, 989 F.Supp.2d at 278-80 (ordering service via a corporation despite its refusal to accept service for an employee because service was "reasonably calculated to apprise [the employee] of the pendency of the action").

Plaintiff respectfully requests leave to file a Motion for Alternative Service if the Court would like additional briefing on Plaintiff's proposal for alternative service on Ms. Pantaz.[3]

Respectfully submitted,

*/s/ Lisa K. Nguyen*
Lisa K. Nguyen

cc: All counsel of record (via ECF)

---

[2] Located at 765 Amsterdam Avenue, 2c, New York, New York 10025.

[3] Plaintiff notes that the Court's rules state that "[p]re-motion conferences are not required" (except for discovery disputes), so it has not requested a conference. *See* Individual Practices in Civil Cases, Alison J. Nathan, United States District Judge, p. 3, ¶ 3(A). Plaintiff is, however, more than willing to appear for a pre-motion conference should the Court so desire.