

765 Amsterdam Avenue, 2c
New York, New York 10025
917.929.1964
dimitry@joffe.law
www.joffe.law

**By Email**  August 6, 2019
Julia C. Spivack, Esq.
Seward & Kissel, LLP
One Battery Park Plaza
New York, NY 10004
212-574-1373
*spivack@sewkis.com*

Re:   Ekaterina Pantaz/Shelter Zoom Corporation

Dear Ms. Spivack,

This firm has been retained by Ms. Pantaz in connection with her dispute with ShelterZoom Corporation ("ShelterZoom"). I am writing in response to your letter dated July 30, 2019 to Ms. Pantaz sent on behalf of your client ShelterZoom. It is my client's sincere hope that the parties would be able to resolve their dispute without resorting to litigation, and I have been instructed by Ms. Pantaz to achieve such an amicable resolution.

Your July 30 letter to Ms. Pantaz is based on a premise that the consulting agreement with DoctorMobile dated August 16, 2018 is the operative agreement governing Ms. Pantaz's relationship with ShelterZoom as a third-party beneficiary of that agreement.

This premise is false, however, because the contractual relationship between Ms. Pantaz and DoctorMobile is in fact governed by the Software Development Agreement, No. SD 181018, dated October 1, 2018 (the "October Agreement"), a true and correct copy of which is annexed to this letter.

Please allow me to elaborate on the provenance of the August and October agreements. On August 15, 2018, Michael Averbach of DoctorMobile forwarded Ms. Pantaz by email an unsigned version of the August Agreement, which Ms. Pantaz executed and forwarded to Mr. Averbach for his execution by email on August 16. Mr. Aberbach, however, did not return a countersigned copy of the August agreement to Ms. Pantaz.

As a resident of Russia subject to its currency control regulations, Ms. Pantaz was required to deposit a fully executed agreement with her bank in order to receive contractual payments. Accordingly, on October 27, 2018, Ms. Pantaz reminded Mr. Averbach that she still had had no contract executed by DoctorMobile. In response to that request, Mr. Averbach on the same day forwarded Ms. Pantaz a copy of the October Agreement that he had executed and initialed. Ms. Pantaz then countersigned that October Agreement and deposited it with her bank; accordingly,

August 6, 2019
Page 2 of 3

all payments made to Ms. Pantaz had been deposited in the bank with the express references to the October Agreement. On July 11, 2019, Ms. Pantaz tendered her resignation notice to DoctorMobile stating: "Please accept this letter of resignation from the position of independent contractor as per Software Development Agreement #181018 dated 01.10.18, effective two weeks from today as by law." Ms. Pantaz had not seen a copy of the August Agreement executed by Mr. Averbach until you attached it as an exhibit to your July 30 letter.

Accordingly, the October Agreement is the only operative agreement between Ms. Pantaz and DoctorMobile governing their contractual relationship. Please note that Ms. Pantaz has in her possession her correspondence with Mr. Averbach attesting to these facts (as should Mr. Averbach), as well as the bank documents demonstrating that she had registered the October Agreement and received payments pursuant to and referencing that Agreement. Ms. Pantaz is ready and willing to testify about these facts under oath in court and/or by a sworn affidavit. These facts plainly demonstrate that Mr. Averbach had neither accepted nor performed under the August Agreement – instead, he had abandoned it in favor of the October Agreement.

As you can see, nothing in the October Agreement can be read to grant, transfer, license or assign Ms. Pantaz's intellectual property rights to ShelterZoom (or anyone else for that matter), nor does the October Agreement impose any contractual duties upon Ms. Pantaz viz-a-viz ShelterZoom. There are no "Assignment of Inventions," "Third-Party Beneficiary," "Non-Competition," or "Non-Solicitation" provisions in the October Agreement, and no references to ShelterZoom's confidential information. Indeed, ShelterZoom is neither designated as a third-party beneficiary nor is otherwise mentioned or referenced in the October Agreement.

Accordingly, Ms. Pantaz reject your unfounded contentions that she had breached any of her contractual obligations to ShelterZoom or that she has any "continuing obligations to ShelterZoom" (July 30 letter at p. 1). Furthermore, there appears to be no any other document that could be construed as assigning Ms. Pantaz's intellectual property rights to ShelterZoom, including any rights that are subject to her patent application, or as establishing any employment, agency or fiduciary relationships between Ms. Pantaz and ShelterZoom. If your client believes that there are any such documents, kindly forward copies for my review. In the meantime, please advise your client to cease and desist from any use of Ms. Pantaz's intellectual properties subject to this dispute.

Based on these facts, please be advised that if ShelterZoom intends to proceed to litigation, Ms. Pantaz is fully prepared to defend herself vigorously and to advance her own claims against ShelterZoom with full confidence in prevailing in any such litigation. In light of such potential litigation, please ask ShelterZoom and its representatives, including without limitation Chao Cheng-Shorland, Amir Homayoun Alishahi, DoctorMobile and Michael Averbach, to preserve and not destroy any documents, including ESI, related to this dispute.

Notwithstanding the above, and without prejudice to and with full reservation of her rights, Ms. Pantaz is willing to enter into any good-faith negotiations of suitable terms upon which she may agree to assign, transfer or license to ShelterZoom her intellectual property rights.

August 6, 2019
Page 3 of 3

I look forward to hearing back from you and hope that we could work out the disagreement between our clients to their mutual benefits in an amicable and professional manner.

                                                                         Very Truly Yours,

                                                                         Dimitry Joffe

Attachment (Software Development Agreement)
cc: Michael Averbach (DoctorMobile LLC)