Case 1:19-cv-10162-AJN   Document 28   Filed 07/23/20   Page

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/23/20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ShelterZoom Corp.,

           Plaintiff,

   –v–

Mitja (Dmitry) Goroshevsky and Ekaterina Pantaz,

           Defendants.

19-cv-10162 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

      Plaintiff ShelterZoom Corporation seeks permission to serve the Complaint in this case on Defendant Ekaterina Pantaz, an individual domiciled in the Russian Federation, pursuant to Federal Rule of Civil Procedure 4(f)(3). Dkt. No. 20. Rule 4(f) governs service of process on individuals "not within any judicial district of the United States." Fed. R. Civ. P. 4(f). Although Rule 4(f) provides that such service may be effected "by any internationally agreed means of service" and "as prescribed by the foreign country's law for service," the rule also permits a court to authorize international service "by other means not prohibited by international agreement." Fed. R. Civ. P. 4(f)(3). Here, ShelterZoom requests that the Court permit it to serve Pantaz by email to her personal email address and through her U.S. counsel. For the reasons that follow, ShelterZoom's requests are GRANTED.

      ShelterZoom commenced this action on November 1, 2019. Dkt. No. 6. The Complaint alleges claims of trade secret misappropriation, fraud, breach of contract, breach of fiduciary duty, and tortious interference of contract against Defendants. According to the Complaint, Pantaz resides in Leningrad, Russia and is a citizen of the country of Russia. *Id.* ¶ 13. On January 23, 2020, ShelterZoom filed a letter motion to serve Pantaz under Rule 4(f)(3). Dkt. No. 20.

As an initial matter, Russia no longer effects service through its Central Authority, which is the method prescribed under the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters. *See Fisher v. Petr Konchalovsky Found.*, No. 15-cv-9831 (AJN), 2016 WL 1047394, at *1 (S.D.N.Y. Mar. 10, 2016); *see also Bidonthecity.com LLC v. Halverston Holdings Ltd.*, No. 12-cv-9258 (ALC), 2014 WL 1331046, at *9 (S.D.N.Y. Mar. 31, 2014) ("[A]lthough Russia is a signatory to the Hague Convention, in July 2003, Russia unilaterally suspended all judicial cooperation with the United States in civil and commercial matters." (internal quotation marks and citation omitted)). Moreover, courts in this District have repeatedly rejected requests to approve service on Russian defendants through the international mail. This is so because although Article 10 of the Hague Convention authorizes service "by postal channels . . . absent any objection by the country in which the defendant is located," Russia has objected to Article 10. *See AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-cv-9913 (KMK), 2015 WL 3457452, at *7 (S.D.N.Y. June 1, 2015) (internal quotation marks and citation omitted). Court-directed service pursuant to Rule 4(f)(3) is thus "warranted because [ShelterZoom has] demonstrated that [it is] currently unable to serve [Pantaz] in the Russian Federation pursuant to Hague Service Convention procedures." *RSM Prod. Corp. v. Fridman*, No. 06-cv-11512 (DLC), 2007 WL 1515068, at *1 (S.D.N.Y. May 24, 2007).

An alternative method of service under Rule 4(f)(3) "is acceptable if it (1) is not prohibited by international agreement; and (2) comports with constitutional notions of due process." *S.E.C. v. China Intelligent Lighting & Elecs., Inc.*, No. 13-cv-5079 (JMF), 2014 WL 338817, at *1 (S.D.N.Y. Jan. 30, 2014) (internal quotation marks and citation omitted).

With respect to service on Pantaz via email to her personal email address, both requirements are satisfied. First, "[n]umerous courts have held that service by email does not violate any international agreement," even when a country objects to Article 10 of the Hague Convention, so long as "the objections of the recipient nation are limited to those means [of service] enumerated in Article 10." *F.T.C. v. Pecon Software Ltd.*, No. 12-cv-7186 (PAE), 2013

2

WL 4016272, at *5 (S.D.N.Y. Aug. 7, 2013); *see also Bazarian Int'l Fin. Assocs., L.L.C. v. Desarrollos Aerohotelco, C.A.*, 168 F. Supp. 3d 1, 17 (D.D.C. 2016) ("[A] country's objection to Article 10 does not constitute an express rejection of service by email."). *But see Agha v. Jacobs,* No. C 07-1800 (RS), 2008 WL 2051061, at *2 (N.D. Cal. May 13, 2008) (holding that mention of "postal channels" in Article 10 may cover emails). Indeed, "Russia has not explicitly objected to service by electronic means." *AMTO*, 2015 WL 3457452, at *7. And this Court, like others in this District, "is not aware of any other international agreement or Russian law that prohibits service via email." *Id.* Accordingly, the Court concludes, as it has previously concluded, that "service via email for a defendant residing in Russia may qualify as an alternative means of service under Rule 4(f)(3)." *Id.*; *see also Fisher*, 2016 WL 1047394, at *2.

Turning to the second requirement, a means of service comports with due process if it is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). "As a general matter, 'in those cases where service by email has been judicially approved, the movant supplied the Court with *some facts* indicating that the person to be served would be likely to receive the summons and complaint at the given email address.'" *NYKCool A.B. v. Pac. Int'l Servs., Inc.*, 66 F. Supp. 3d 385, 391 (S.D.N.Y. 2014) (emphasis added) (quoting *Fortunato v. Chase Bank USA, N.A.*, No. 11-cv-6608 (JFK), 2012 WL 2086950, at *2 (S.D.N.Y. June 7, 2012)). Put differently, as long as the plaintiff "demonstrates that the email is likely to reach the defendant," then "[s]ervice by email alone comports with due process." *Pecon Software,* 2013 WL 4016272, at *5.

Here, ShelterZoom has provided sufficient evidence to indicate that an email to Pantaz's personal email address is likely to reach her. Specifically, Plaintiff's then-counsel emailed Pantaz a letter regarding the subject matter of this case on July 30, 2019 and received a response from Plaintiff's U.S. counsel, Dimitry Joffe, just one week after the July 30, 2019 letter was emailed to Pantaz. *See* Dkt. Nos. 20-1, 20-2.

3

Shelterzoom also requests, out of an abundance of caution, that it be permitted to serve Pantaz through Joffe, Pantaz's U.S. counsel for dispute resolution purposes. With respect to service on Pantaz though Joffe, both requirements set forth above are also satisfied. "Neither the Hague Service Convention nor apparently any other current international agreement between [the United States and the Russian Federation] prohibits service on a defendant residing in the Russian Federation through service on his counsel in the United States." *RSM Prod. Corp.*, 2007 WL 1515068, at *2. Moreover, service on Pantaz through service on her counsel in the U.S. is unlikely to violate constitutional standards of due process. *See id.* (permitting service on defendant residing in the Russian Federation through service on his counsel in the U.S.); *Ehrenfeld v. Salim a Bin Mahfouz*, No. 04-cv-9641 (RCC), 2005 WL 696769, at *3 (S.D.N.Y. Mar. 23, 2005) (permitting service on defendant residing in Kingdom of Saudi Arabia through his U.S. counsel).

For the foregoing reasons, ShelterZoom's requests to serve Pantaz via email to her personal email address and through her U.S. counsel are GRANTED. This resolves Docket No. 20.

SO ORDERED.

Dated: July 23, 2020
      New York, New York

_____
ALISON J. NATHAN
United States District Judge